**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

SCOTT KAUFMAN,

    Plaintiff,

v.

P.D.K.N. HOLDINGS, LLC,
P.D.K.N. P-4, LLC,
P.D.K.N. P-4, OP., LLC,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, SCOTT KAUFMAN ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), hereby files the following Complaint for Damages and Demand for Jury Trial against Defendants, P.D.K.N. HOLDINGS, LLC, P.D.K.N. P-4, LLC, and P.D.K.N. P-4, OP., LLC (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1.  Prior to the filing of this lawsuit, Plaintiff attempted to honor his obligations to address the violations alleged herein through the arbitration process. The Defendants refused to participate in arbitration, thus waiving their right to arbitrate these claims, and the matter was administratively closed. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201-216, Article X, § 24 of the Florida Constitution and Fla. Stat. § 448.110 to seek redress of Defendants' violations the minimum wage requirements under federal and Florida law. More specifically, Defendants paid Plaintiff the "tip credit" wage for all hours worked during his shift even though he was required to spend more than 20% of his shifts performing non-tipped

duties and responsibilities. Defendants also required Plaintiff to spend tips he earned on tools of the trade and elements of his uniform, which violates recent amendments to federal wage law.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of the state of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendants, P.D.K.N. HOLDINGS, LLC, P.D.K.N. P-4, LLC, and P.D.K.N. P-4, OP., LLC were Florida limited liability companies operating and transacting business within Broward County, Florida.

4. Defendants P.D.K.N. P-4, LLC, and P.D.K.N. P-4, OP., LLC collectively operate under the fictitious name "Bokampers Sports Bar & Grill" which is subject to the daily oversight, management, and control of P.D.K.N. HOLDINGS, LLC d/b/a "PDKN Restaurant Group" within the state of Florida.

5. During all times material hereto, Defendants were jointly and collectively vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices as they apply to Plaintiff.

6. Defendant, P.D.K.N. HOLDINGS, LLC was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

7. Defendant, P.D.K.N. P-4, LLC was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

8. Defendant, P.D.K.N. P-4, OP., LLC was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

9. This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Constitution, Article X Section 24, and the Florida Minimum Wage Act ("FMWA") to recover unliquidated damages, liquidated damages, reasonable attorney's fees and costs from Defendants.

10. This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11. The acts and omissions giving rise to Plaintiffs' claims took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendants regularly transact business in Broward County, Florida, and jurisdiction and venue are therefore proper.

## GENERAL ALLEGATIONS

13. Defendant, P.D.K.N. Holdings LLC, operates at least seven (7) different Bokamper's restaurants throughout the State of Florida, including the Bokamper's restaurant located at 3115 32nd Ave. in Fort Lauderdale, Florida (hereinafter "the Fort Lauderdale location").

14. Plaintiff worked for Defendants as a Bartender in the Bokamper's Fort Lauderdale location from February 13, 2019 until December 21, 2019.

## FLSA COVERAGE

15. Defendants, P.D.K.N. HOLDINGS, LLC, P.D.K.N. P-4, LLC, and P.D.K.N. P-4, OP., LLC are each enterprises covered by the Fair Labor Standards Act ("FLSA") by virtue of the fact that they are each engaged in commerce or in the production of goods for commerce, in that Defendants each had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

3

16. Defendants' employees handled goods such as napkins, silverware, appliances, food items, credit cards, debit cards, restaurant equipment, pens, chairs, tables, plates, silverware, vacuum cleaners, cleaning materials, steaks, seafood, shrimp, fish, chicken, menus, and other materials that have previously travelled through interstate commerce.

17. Defendants each had gross annual revenues in excess of $500,000.00 in 2019, 2020, and are expected to gross in excess of $500,000.00 in 2021.

## **JOINT ENTERPRISE COVERAGE**

18. The Defendants each have the same registered agent, the same principal address, and the same mailing address within the State of Florida.

19. Defendants, P.D.K.N. P-4, LLC, and P.D.K.N. P-4, OP., LLC share the same parent company, P.D.K.N. HOLDINGS, LLC.

20. P.D.K.N. HOLDINGS, LLC provides P.D.K.N. P-4, LLC, and P.D.K.N. P-4, OP., LLC human resources oversight, benefits programs, equipment, and resources in an effort to successfully maximize financial profits for each of the entities.

21. On information and belief, P.D.K.N. P-4, LLC owns or leases the land on which the subject Bokamper's restaurant is located and P.D.K.N. P-4, OP., LLC compensates employees who work for the Defendants at this location.

22. Defendants perform related activities in that they all advertise the Bokamper's restaurant on the same website. During all time periods relevant hereto, Defendants held themselves out as the owners of Bokamper's and provided restaurant services to patrons in South Florida under the name Bokamper's and conducted the same business at the same location.

23. Furthermore, Defendants' post job opportunities for all of their locations on the same webpage.

24. Defendant, P.D.K.N. HOLDINGS, LLC exerts significant influence over the employment, payroll, and operational decisions made by Defendants, P.D.K.N. P-4, LLC, and P.D.K.N. P-4, OP., LLC.

25. Defendants operate together for a common business purpose through unified operation and/or common control.

26. In furtherance of their common business purpose, Defendants each contributed valuable resources that were necessary to the successful operation of the restaurant such as property, payroll services, and supervision of employees.

27. Defendants are each other's alter-egos and should be treated as the same corporate entity for the purposes of this lawsuit.

28. Defendants, collectively, grossed in excess of $500,000.00 annually in 2019, 2020 and are expected to do so in 2021.

## COUNT I –FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 Violations Against all Defendants)

29. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

30. Plaintiff was entitled to be paid full federal minimum wage for certain hours worked during his employment with Defendants.

31. Defendants failed to compensate Plaintiff for the federal minimum wage for certain hours worked because he was required to spend more than 20% of his shifts performing "non-tipped" incidental duties and did not receive the full applicable federal minimum wage for this work.

32. Defendants willfully failed to pay Plaintiff the full federal minimum wage for one or more weeks of work.

33. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendants.

34. Defendants' willful and/or intentional violations of entitle Plaintiff to an additional amount of liquidated, or double, damages.

35. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SCOTT KAUFMAN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, P.D.K.N. P-4, LLC, P.D.K.N. HOLDINGS, LLC and P.D.K.N. P-4, OP., LLC and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendants, jointly and severally; (b) liquidated damages to be paid by the Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT II –FLORIDA MINIMUM WAGE VIOLATIONS
**(80/20 Violations Against all Defendants)**

36. Plaintiff re-avers and re-alleges Paragraphs 1 through 28 above, as though fully set forth herein.

37. Plaintiff was entitled to be paid full Florida minimum wage for certain hours worked during his employment with Defendants.

38. Defendants failed to compensate Plaintiff for the Florida minimum wage for certain hours worked because he was required to spend more than 20% of his shifts performing "non-tipped" incidental duties and did not receive the full applicable Florida minimum wage for this work.

6

39. Defendants willfully failed to pay Plaintiff the full Florida minimum wage for one or more weeks of work.

40. Prior to the filing of this action, Plaintiff provided statutorily required pre-suit written notice to Defendants regarding the violations alleged herein and Defendants failed to remedy these violations.

41. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendants.

42. Defendants' willful and/or intentional violations of entitle Plaintiff to an additional amount of liquidated, or double, damages.

43. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff SCOTT KAUFMAN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, P.D.K.N. P-4, LLC, P.D.K.N. HOLDINGS, LLC and P.D.K.N. P-4, OP., LLC and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendants, jointly and severally; (b) liquidated damages to be paid by the Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT III – UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 203
**(Arising from Illegal Kickbacks Related to the Uniform Policy Against All Defendants)**

44. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

45. Plaintiff customarily received tips as part of his compensation during his employment with Defendants.

46. Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[1]

47. During the relevant time period, Defendants enforced a policy that required Plaintiff and other restaurant employees to use the wages and tips they received to provide unlawful kickbacks through purchasing required uniforms. The purchase and wearing of uniforms was for the employer's benefit.

48. This policy that was enforced by Defendants became unlawful effective March 23, 2018. Defendants nevertheless continued to enforce this policy, and on information and belief, still enforce this unlawful policy to this day.

49. Accordingly, the wages and tips received by Plaintiff were not finally and unconditionally "free and clear."[2]

---

[1] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 230(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

[2] Pursuant to 29 C.F.R. § 531.35, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." *Id.* If an employer requires an employee to pay the costs for tools of the trade that are required for performance of work, there is a violation of the FLSA in any workweek when the costs of items purchased by the employee cuts into the minimum wages required to be paid to him under the Act. *Id.; see, also,* Montoya v. CRST Expedited, Inc., 311 F.Supp.3d 411 (D. Mass. 2018) (FLSA requires employers to pay wages free and clear, which means employers are prohibited from charging employees for expenses for the expenses would drive the employee's pay below

50. Plaintiff is entitled to recover the tip credit **and** the sum of all tips that they were required to use for the employer's benefit from March 23, 2018, through the present.

WHEREFORE, Plaintiff, SCOTT KAUFMAN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, P.D.K.N. P-4, LLC, P.D.K.N. HOLDINGS, LLC and P.D.K.N. P-4, OP., LLC, and award Plaintiff: (a) recovery of the tip credit and all tips owed to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all tips unlawfully retained by Defendants; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**Dated this 19th day of May 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Scott Kaufman*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

---

minimum wage). Moreover, under 29 C.F.R. § 531.3, an employer may not require its employee to incur costs of purchasing a uniform when the nature of the business requires the employee to wear a uniform. *Id.; see, also,* Reich v. Priba Corp., 890 F.Supp. 586 (N.D. Tex. 1995) (Employer violated the FLSA by requiring servers to provide their own uniforms which reduced the employees' wages below the minimum wage required by the FLSA).

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 19, 2021.

>By: */s/ Jordan Richards*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372

**SERVICE LIST:**